UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN R. DURSO, JOHN DEMARTINO,
MURRAY J. MORRISSEY, JEFFREY
LAUB, and FRED WREN, as Trustees and
Fiduciaries of the LOCAL 338 HEALTH
AND WELFARE FUND,

and

JOHN R. DURSO, JOHN DEMARTINO,
ARTHUR CARAWAY, JEFFREY
LAUB, MICHAEL MOST, JON
GREENFIELD, JOHN CATSIMATIDES,
SAMUEL PELTZ, and SYDNEY KATZ,
as Trustees and Fiduciaries of the
LOCAL 338 RETIREMENT FUND,

                           Plaintiffs,

    - against -

BMJ FOOD CORP.,

                           Defendant.
------------------------------------------------------------X



JUDGE CASTEL



JUN 1 8 2007

## COMPLAINT

John R. Durso, John DeMartino, Murray J. Morrissey, Jeffrey Laub, and Fred Wren, as Trustees and Fiduciaries for and on behalf of the Local 338 Health and Welfare Fund (the "Health Fund"), and John R. Durso, John DeMartino, Arthur Caraway, Jeffrey Laub, Michael Most, Jon Greenfield, John Catsimatides, Samuel Peltz, and Sydney Katz, as Trustees and Fiduciaries for and on behalf of the Local 338 Retirement Fund (the "Retirement Fund"), (the individuals named as trustees of the two benefit funds at issue shall be collectively referred to herein as the "Trustees" or "Plaintiffs;" and the Health Fund and the Retirement Fund shall be

collectively referred to herein as the "Funds"), by their attorneys, Friedman & Wolf, allege as follows:

## INTRODUCTION

1.      In this action, Plaintiffs request that the Court order Defendant BMJ Food Corp. ("BMJ" or "Defendant") to pay unpaid benefit fund contributions, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorneys' fees and costs.

2.      In bringing this action, the Trustees are enforcing the terms of the Trust Agreements governing the Funds, as well as the collective bargaining agreement between Defendant and Local 338, RWDSU/UFCW ("Local 338" or the "Union"). This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3), 502(e)(1), 502(f) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant resides and is found in this District.

## PARTIES

5.  Plaintiffs John R. Durso, John DeMartino, Murray J. Morrissey, Jeffrey Laub and Fred Wren are the Trustees and Fiduciaries of the Health and Welfare Fund; and John R. Durso, John DeMartino, Arthur Caraway, Jeffrey Laub, Michael Most, Jon Greenfield, John Catsimatides, Samuel Peltz and Sydney Katz are the Trustees and Fiduciaries of the Retirement Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs comprise the Boards of Trustees of the Funds and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

6.  The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with their principal office located at 97-45 Queens Boulevard, Rego Park, within the County of Queens, New York. The Funds were established pursuant to the terms of various collective bargaining agreements between Local 338 and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements.

7.  The Funds are maintained for the purpose of collecting and receiving contributions and providing medical and pension benefits to eligible participants and their dependents pursuant to and in accordance with their respective Agreements and Declarations of Trust ("Trust Agreements").

8.  BMJ is a New York corporation that maintains its principal place of business at 4332 White Plains Road, Bronx, New York 10466 and/or at 642 Westchester Avenue, Bronx, New York 10466.

## BACKGROUND

9. At all times material hereto, Defendant has been a party to and bound by collective bargaining agreements with Local 338 covering the period from at least October 6, 2002 through January 31, 2006.

10. Under the collective bargaining agreements, BMJ bound itself to certain terms and conditions governing the employment of its employees and obligated itself to make contributions to the Funds on behalf of those employees covered by the collective bargaining agreements.

11. The collective bargaining agreements require BMJ to make contributions to the Funds in specified amounts commencing after specified periods of continuous employment with BMJ.

12. The collective bargaining agreement requires that contributions to the Funds for each month be made no later than the 15th day of the month.

13. The Funds rely upon BMJ and other employers to make the proper contributions required by collective bargaining agreements in order to provide medical, dental, retirement, and legal services benefits to their employees in accordance with the rules and regulations established by the Trustees of the Funds.

14. At all times relevant to the allegations herein, BMJ was bound by the Trust Agreements.

15. The Trust Agreements and ERISA Section 1132, 29 U.S.C. § 1132, authorize the Trustees to bring actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

16. The Trust Agreements and ERISA Sections 1001, et seq., 29 U.S.C. § 1001, et seq., authorize the Trustees to audit the books and records of participating employers.

17. In an action to collect unpaid benefit fund contributions, the Trust Agreements and ERISA Section 1132, 29 U.S.C. § 1132, authorize the Trustees to collect the amount of the unpaid contributions, plus interest on the contributions at the rate of one and one-half percent per month or eighteen percent per year from the date of the underpayment to the date that it is actually paid, the greater of additional interest or liquidated damages in the form of twenty percent of the unpaid contributions, auditing fees, and attorneys' fees and costs.

18. The Trust Agreements authorize the Trustees to construe their provisions and the terms used therein and provide that any construction adopted by the Trustees in good faith is binding upon the signatory employer.

19. The Trustees hire independent auditors to audit the books and records of participating employers. The independent auditors hired by the Trustees audited the books and records of BMJ for the period January 1, 2003 through December 31, 2003, and found that BMJ owes the Funds $2,876.00 in contributions, plus interest through October 31, 2006 in the amount of $1,675.20, plus auditing fees in the amount of $1,378.50, for a total amount owing on the 2003 audit of $5,929.70, as of October 31, 2006.

20. The independent auditors hired by the Trustees audited the books and records of BMJ for the period January 1, 2004 through January 31, 2006, and found that BMJ owes the Funds $22,577.00 in contributions, plus interest through May 31, 2007 in the amount of $10,218.60, plus auditing fees in the amount of $3,877.39, for a total amount owing on the 2004-2006 audit of $36,672.99, as of May 31, 2007.

21.     Plaintiffs have notified BMJ in writing of the results of the audits and of the monies owed as a result of the audits.

22.     BMJ has failed and refused to pay the monies owed.

23.     Defendants damaged the Funds by denying them investment income on the unpaid contributions and by forcing the Funds to incur administrative costs for collecting the delinquent contributions.

## FIRST CAUSE OF ACTION
## FOR UNPAID CONTRIBUTIONS

24.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 23 as if the same were fully set forth herein.

25.     The Funds' auditors found that BMJ underreported and underpaid contributions owed to the Funds for the period January 1, 2003 to January 31, 2006.

26.     Such underreporting and underpayment is a breach of the CBAs and the Trust Agreement, and places BMJ in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

27.     BMJ's actions have injured the Funds by delaying the investment of contributions, and causing unnecessary administrative costs to the Funds.

28.     Accordingly, as a result of the above-described actions, there remains due and owing to the Funds unpaid contributions; plus interest at the rate of 18% per annum on the monies due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty (20%) percent of the unpaid contributions; plus costs and reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1. On the First Cause of Action, an Order directing BMJ to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period January 1, 2003 through January 31, 2006; (b) interest on the unpaid contributions at the rate of 18% per annum on the monies due and owing to the Trustees from the date due until the date actually paid; and (c) the greater of liquidated damages equal to twenty (20%) percent of the unpaid contributions, or an amount equal to the pre-judgment interest described above, as mandated by Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

2. An award of all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditor's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

3. Such other and further equitable relief as this Court may deem just and proper.

Dated: New York, New York
June 18, 2007

By: *[signature]*
William K. Wolf (WW-7906)

FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500

Attorneys for Plaintiffs